Nash, C. J.
 

 The deed, under which the defendant claims the slave in question, is inartificially drawn, but enough appears to show that the legal title to the negro,'iEsop, is in him. The objection to the conveyance, raised by the plaintiff s, that, by the deed, a life estate, in the negro mentioned in it, is reserved to
 
 *446
 
 Thomas Simpson, the grantor, and being prior to our act of Assembly, of 1823, the whole interest in them remained to him. The common law does not allow a remainder in chattels to be engrafted in a life estate, the granting of a life estate consuming the whole interest. But, though this cannot be done by a common law conveyance, it may be done by will or by a conveyance to trustees, 2d Bl. Com. 398. From the phraseology of the deed of conveyance, it may well be questioned if it was not a conveyance of the present absolute title to the slaves to the daughter, and the life estate reserved only in the land. But, waiving that question, and admitting that the reservation did embrace the alavés, we are of opinion that the life estate did not absorb the whole interest in them. The conveyance was in trust. The language of the deed is, “ To have and to hold the said bargained premises, and every parcel thereof, unto the said Sarah Lewis, her heirs and assigns forever, in trust for the use, occupation, and convenience of myself during my life, and from and after my decease, to the sole use of the said Sarah Lewis, her heirs and assigns forever.” The deed, then, is a conveyance in trust to Sarah Lewis, for the use of the grantor for life, and after his death to her absolutely. The old gentleman is dead ; and the defendant now holds the negro, JEsop, as his absolute property. With trusts the common law does not meddle, nor can they be subject to its rules. There is no error.
 

 Pee Curiam. Judgment affirmed.